**STEINBERG et al. v. SHARPE et al.**

United States District Court
S. D. New York.
Dec. 21, 1950.

Morris J. Levy, New York City, for plaintiff.

Fulton, Walter & Halley, New York City (Harmon Duncombe and Daniel J. O'Connell, New York City, of counsel), for defendant W. J. Reuscher.

MEDINA, District Judge.

This matter is before me on cross-motions for summary judgment by the plaintiff against the defendant W. J. Reuscher and by the defendant Reuscher against the plaintiff. There are no disputed issues of fact and the sole question is whether defendant Reuscher enjoyed any profit as a result of the purchase and sale within six months of securities issued by the corporation of which he is an officer. The action is brought pursuant to § 16 (b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(b).

The securities were purchased pursuant to the provisions of two option agreements between Reuscher and the corporation. The first agreement was entered on November 16, 1944. Reuscher was granted an option to purchase 400 shares of stock at any time on or after November 16, 1945 and on or before November 16, 1948 at a price of $8.75 per share, the then market price; two additional options for the same amounts of stock were granted, one exercisable between November 16, 1946 and November 16, 1948 and the other between November 16, 1947 and November 16, 1948.

An option for an additional 400 shares, exercisable at any time on or after November 16, 1947 and on or before November 16, 1948 was granted, on the condition that the defendant had not sold any of the shares he may have purchased pursuant to the earlier options. None of the options were exercisable in the event that the defendant was discharged or resigned, except for a period of thirty days after such resignation or discharge; during that thirty-day period he might exercise any options which had accrued as of the date of resignation or discharge.

The second option agreement, made on August 18, 1945, is, with the following exceptions, the same as the first: the exercise price was $13.38 per share, the market price at the time the agreement was entered; the accrual dates were August 18 of the years 1946, 1947 and 1948, and the date by which the options were required to be exercised was August 18, 1949; and the number of shares in each of the four blocks was 225.

On January 2, 1948 the defendant purchased 1,025 shares of stock from the corporation by exercising the options available to him, 800 shares under the first agreement and 225 under the second. The options under the first agreement which were exercised had accrued on November 16, 1947, on which date the market value of the stock was $24.75 per share. The options under the second agreement which were exercised accrued on August 18, 1947, on which date the market value of the stock was $20.75 per share. The market value of the stock on the date of exercise, January 2, 1948, was $21.50 per share.

Reuscher sold 1,200 shares between December 23, 1947 and January 9, 1948 at the following prices:

| December | 23, 1947 | 200 shares | $21.25 | per share |
|---|---|---|---|---|
| January | 2, 1948 | 300 shares | $21.50 | per share |
| January | 5, 1948 | 200 shares | $21.50 | per share |
| January | 9, 1948 | 100 shares | $21.125 | per share |
| January | 9, 1948 | 400 shares | $21.00 | per share |

Whether or not any "profit" within the meaning of § 16 (b) of the Securities Exchange Act of 1934 was realized will turn on the cost of the securities. Defendant Reuscher urges that the proper figure to be used in this computation is the fair market price of the security on the date of its acquisition, citing Truncale v. Blumberg, D.C.S.D.N.Y.1950, 88 F.Supp. 677, affirmed sub nom Truncale v. Scully, 2 Cir.1950, 182 F.2d 1021.

That case dealt with the sale of stock warrants obtained under an employment agreement. I can discern no tenable distinction between that agreement and those before me on the ground urged by plaintiff, that the Truncale case involved the grant of stock options as "compensation" while those involved in this case are properly denominated as "incentive." All compensation is an incentive; in both cases the consideration for the stock options was the employee's remaining in the employ of the corporation.

Nevertheless, it would be improper to use here the formula applied in the Truncale case. There stock warrants were issued to employees of a corporation on a date which was fixed by agreement entered into long prior to that date, and the warrants were subsequently sold. Judge Rifkind adopted the criterion he did in order to determine the amount of compensation which the defendants received in the form of the stock warrants. Thus he said: "The effect of such a measurement is to treat the transaction as if, on December 12, 1945, the corporation had paid to defendants an amount of money sufficient to purchase such warrants and defendants had thereupon made the purchases [of the warrants]." Truncale v. Blumberg, supra, 88 F.Supp. at page 679.

But in this case the date of acquisition of the security was selected by the defendant, not fixed by an employment agreement. As a result, if the cost of the security were deemed to be its fair market value on the date of its acquisition, an officer could utilize such grants as a means to circumvent the provisions and subvert the purposes of § 16 (b), merely by deferring the exercise of options because he anticipated an increase in the value of the stock on the basis of some inside information; when that increase had occurred, he could exercise the option and sell the stock obtained thereby while the market for the stock remained

high. If "cost" equalled market value at the time of acquisition of the security, profit would be zero, although it is clear that a "profit" would, in fact, have been obtained as the result of inside information.

◼ Nevertheless, in determining the cost of the securities, the reasoning of Truncale v. Blumberg, supra, would seem to require the inclusion of so much of the value of the option as represented long-term increment, to which the defendant was entitled pursuant to the option agreements by virtue of his continued services to the corporation.

◼ This may be accomplished by holding the cost of the security to be the exercise price of the option plus the value of the option *on the day that it accrued* as fixed by the employment agreement under the terms of which it accrued. The latter figure will represent the amount of compensation which the corporation paid the defendant pursuant to its agreement, just as it did in the *Truncale* case. Adoption of this rule will preclude the type of evasion of the provisions of § 16 (b) described above.

◼ Accordingly, applying the "lowest price in, highest price out" rule of Smolowe v. Delendo Corporation, 2 Cir.1943, 136 F. 2d 231, 239, 148 A.L.R. 300, it follows that Reuscher enjoyed a profit, recoverable pursuant to § 16 (b) of the Securities Exchange Act of 1934 of $168.75 (225 shares with a cost basis of $20.75 per share—the market value of the stock on August 18, 1947—and a sales price of $21.50 per share).

In light of this conclusion there is no need to consider whether S.E.C. Rule X-16 B-6, effective November 29, 1950, the text of which is set forth in the margin,[1] may properly be applied retroactively in this case. That Rule provides that it may not be applied so as to increase the amount which would be recoverable in its absence. The Rule operates to limit the amount recoverable in such a case as this to "the difference between the proceeds of sale and the lowest market price of [the security] * * * within six months before or after the date of sale." Therefore, only in the event that the amount thus computed is less than the amount which would be recoverable otherwise, is the Rule of any effect, and here that situation does not obtain. The amount of $168.75 recoverable by plaintiff in the absence of the Rule is computed on the basis of a market value of $20.75 per share as of August 18, 1947, which is within six months of the date of sale.

Summary judgment for the plaintiff in the amount of $168.75.

Reasonable counsel fees, payable by the defendant Corporation from the sum recovered by it herein, are awarded. Smolowe v. Delendo Corporation, supra. The amount will be fixed on the settlement of an order on this decision.

Settle order on notice.

1. (a) To the extent specified in paragraph (b) of this rule the Commission hereby exempts as not comprehended within the purposes of Section 16 (b) of the Act any transaction or transactions involving the purchase and sale or sale and purchase of any equity security where such purchase is pursuant to the exercise of an option or similar right either (1) acquired more than six months before its exercise, or (2) acquired pursuant to the terms of an employment contract entered into more than six months before its exercise.

(b) In respect of transactions specified in paragraph (a) the profits inuring to the issuer shall not exceed the difference between the proceeds of sale and the lowest market price of any security of the same class within six months before or after the date of sale. Nothing in this rule shall be deemed to enlarge the amount of profit which would inure to the issuer in the absence of this rule.

(c) The exemptions provided by this rule shall not apply to any transaction made unlawful by Section 16 (c) of the Act or by any rules and regulations thereunder.

(d) The burden of establishing market price of a security for the purpose of this rule shall rest upon the person claiming the exemption.

(e) The exemption granted pursuant to this rule shall apply to any liability under Section 16 (b) existing at or after the effective date of this rule, but shall not be deemed to affect judgments rendered prior to that date.

This rule shall be effective November 29, 1950.